Deaderick, J.,
delivered the opinion of the Court.
The bill in this case was filed October 1, 1867, and charges that Allen Hurst was the owner of a certain tract of land in Union county, in which Lucy Fields had a life estate; that Lucy Fields had died, and the entire estate was thereby vested in said Hurst, and that the title of said Hurst had been vested in complainant, by operation of law; that defendants, George Fields and John McHone, were occupying said lands at the death of Lucy Fields; and that they and defendant, Plam-mock, cultivated portions of the land; and that complainant, after the death of said Lucy Fields, permitted the defendants to remain upon the land, and is entitled, as owner of the land, to one-third of the crop; that the defendants intend, fraudulently, to dispose of their crops, to prevent complainant from getting the rent due him, and prays for an attachment, &c. The defendants demur to the bill for the following reasons, to-wit:
*573 1st. That neither complainant nor Hurst ever had possession of the land.
2d. That complainant’s remedy is at law.
3d. Complainant does not allege any indebtedness by defendants to him,
4th. That there is no equity in the bill.
■ At the November Term, 1867, of the Court, the demurrer was disallowed, but at a subsequent day of the same term, an order was made, vacating the previous order disallowing the demurrer, by consent of parties, and leaving the questions upon the demurrer open for future adjudication. At May Term, 1868, the demurrer was allowed and the bill dismissed, upon the grounds that there was no privity of contract, between the complainant and defendants, and the complainant had not shown sufficient title in himself, and he had a complete remedy at law. The defendants appealed to this Court We think the decree of the Chancellor was erroneous.
The bill sufficiently alleges that complainant is the owner of the land, and that defendants are his tenants. The tenant of the ancestor, or vendor of the land, becomes the tenant of the heir or vendee, and can no more dispute the title of the heir or vendee, than he could that of the landlord from whom he rented. The possession of the tenant, is the possession of the landlord, and of his vendee or heir at law.
The Code, 3539, 3540 and 3541, gives a lien for any debt by note, account or otherwise, created for the rent of land, upon the growing crop, which may be enforced by original attachment. This attachment may be issued at law; and we see no reason why it may *574 not likewise issue from a Court of Chancery, especially when it is alleged in the bill that the defendants are intending fraudulently to dispose of the crop, to defeat complainant’s right to his rent. It is not necessary, in such a case, to allege that any specific sum is due. It is sufficient to show that defendants, as tenants, owe rents, which they are endeavoring, fraudulently, to place beyond the reach of the landlord, for the purpose of defeating his claims.
Let the -decree of the Chancellor be reversed, and the cause .remanded, with leave to defendants to answer.